| | |
|---|---|
| 1 | Saul S. Rostamian (SBN: 235292) |
| | srostamian@winston.com |
| 2 | Evan W. Kass (SBN: 316003) |
| | ekass@winston.com |
| 3 | **WINSTON & STRAWN LLP** |
| | 333 South Grand Avenue, 38th Floor |
| 4 | Los Angeles, CA 90071-1543 |
| | Telephone: 213-615-1700 |
| 5 | Facsimile: 213-615-1750 |
| 6 | Attorneys for Plaintiffs |
| | ORBIS OPPORTUNITY FUND, LP; and |
| 7 | ORBIS OPPORTUNITY FUND (CAYMAN), LP |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ORBIS OPPORTUNITY FUND, LP., a Delaware Limited Partnership, and ORBIS OPPORTUNITY FUND (CAYMAN), LP, a Cayman entity, | Case No. |
| | **COMPLAINT FOR BREACH OF CONTRACT** |
| Plaintiff, | |
| v. | |
| JMD AVIATION HOLDINGS, LLC., a Florida limited liability company, | |
| Defendant. | |

COMPLAINT

Plaintiffs Orbis Opportunity Fund, LP, and Orbis Opportunity Fund (Cayman), LP (collectively "Plaintiff" or "Orbis"), by and through its undersigned attorneys, alleges as follows as against JMD Aviation Holdings, LLC's ("Defendant" or "JMD"):

## NATURE OF THE ACTION

1. This is a simple breach of contract matter arising out of a purchase and sale agreement under which Plaintiff agreed to sell its membership interest in a joint venture to the Defendant, its joint venture partner. However, Defendant failed to pay the purchase price to buy out Plaintiff's interest under the signed agreement, necessitating this action.

## THE PARTIES

2. Plaintiff Orbis Opportunity Fund, LP is a Limited Partnership duly organized and existing under the laws of the State of Delaware.

3. Plaintiff Orbis Opportunity Fund (Cayman), LP is a Limited Partnership duly organized and existing under the laws of the Cayman Islands.

4. Defendant JMD Aviation Holdings, LLC is a limited liability corporation duly organized and existing under the laws of the State of Florida, with its principal place of business in the State of Florida.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over state law claims under 28 U.S.C. § 1332(a) because Plaintiff seeks damages in an amount in excess of the jurisdictional minimum of this Court, exclusive of interest and costs, and Defendant is a resident of Florida whereas Plaintiffs are residents of Delaware and the Cayman Islands

6. This Court has personal jurisdiction over JMD pursuant to California's long arm statute, Cal. Civ. Proc. Code § 410.10. On information and belief, Defendant JMD is authorized to do business in the State of California; has substantial, continuous, and systematic contacts with California; and purposefully avails itself of the benefits and protections of California's laws.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this district, and because Defendant expressly agreed that any suit, action, or

proceeding pursuant to the enforcement of the Purchase Agreement (defined below) may be brought in any federal court located in California.

## GENERAL ALLEGATIONS

8. This is a breach of contract action arising out of JMD's failure to abide by its contractual obligations to Orbis under the terms of a Membership Interest Purchase Agreement ("Purchase Agreement"), entered into by and between the parties on or about June 28, 2018 ("Effective Date"). A true and correct copy of the Purchase Agreement is attached hereto as Exhibit A and incorporated by reference herein.

9. Several years ago, Orbis began a joint venture with an entity known as Savanna Leasing, LLC ("Savanna"), known generally as the "Juno" joint venture.

10. Specifically, the joint venture between Orbis and Savanna took the form of two entities. Juno Engines U.S., LLC, created on June 8th, 2017, and Juno Engines Cayman, LLC, created on June 19th, 2017 (collectively, "Juno"). Juno was created for the parties to purchase aircraft engines and then lease them to airlines.

11. In the joint venture, Orbis provided the capital and Savanna, through its principal Alan Boyer, conducted the operations, which involved buying engines, leasing them to airlines, and then sharing the revenues from those leases with Orbis.

12. Structurally, Orbis owned 100% of the Class A membership interests in Juno, and Savanna owned 100% of the Class B membership interests in Juno.

13. In September 2017, Savanna failed to pass along the required lease revenues, which it received from its airline clients, to Orbis according to the Juno joint venture agreements.

14. Therefore, in an attempt to rectify this dispute and amicably part ways, the parties agreed to the Purchase Agreement on June 28, 2018, whereby Savanna (through another of Mr. Boyer's affiliate entities, Defendant JMD) would buy out Orbis' interests in the Juno entities.

15. Pursuant to the terms of the Purchase Agreement, Defendant JMD was required to pay Orbis a combined amount of Four Million Fifty Hundred Sixty-Eight Thousand Dollars ($4,568,000) ("Purchase Amount") in exchange for all outstanding Class A membership interests in Juno Engines U.S., LLC and Juno Engines Cayman, LLC, currently held by Plaintiff Orbis.

16. Specifically, the Recitals to the Purchase Agreement require Orbis to transfer all of its outstanding Class A membership interests in Juno, to JMD.

17. Section 2.2 of the Purchase Agreement necessitate JMD pay the Purchase Amount by wire transfer on the Effective Date

18. In exchange for the payments outlined in Section 2.2, Orbis must transfer its membership interests in Juno to JMD pursuant to Section 2.4 of the Purchase Agreement.

19. Defendant has failed to abide by its contractual obligations by, *inter alia*, failing to remit the Purchase Amount in a timely manner, despite multiple promises and assurances it would do so in the weeks following the execution of the Purchase Agreement.

20. Orbis remains willing and able to transfer said membership interests.

21. Defendant's failure to perform under the terms of the Purchase Agreement is a material breach, for which Plaintiff seeks damages and other appropriate relief.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

22. Plaintiff repeats, realleges and incorporates each and every allegation of the foregoing paragraphs as though fully set forth in this cause of action.

23. The Purchase Agreement between Plaintiff Orbis and Defendant JMD is a valid and enforceable contract.

24. Plaintiff Orbis has performed all of its obligations under the terms of the Purchase Agreement.

25. In violation of the terms of the Purchase Agreement, and specifically Sections 2.2 and 2.4(a), Defendant JMD has failed to remit the Purchase Amount in a timely fashion.

26. Defendant JMD, by and through the conduct described above, has breached the Purchase Agreement.

27. As a result, Plaintiff Orbis has been harmed and damaged in an amount to be proven at trial.

4

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Orbis prays that this Court enter judgement on its Complaint awarding to Plaintiff Orbis, and against Defendant JMD, as follows:

1. Damages in an amount to be proven at trial, at least in the amount of $4,568,000;
2. Prejudgment interest and post judgment interest at the legal rate;
3. Costs of suit and attorney's fees to the extent allowed by statute and/or the contract; and
4. Such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| DATED:  August 3, 2018 | | **WISNTON & STRAWN LLP** |
| | By: | /s/ Saul S. Rostamian<br>Saul S. Rostamian<br>Evan W. Kass<br>Attorneys For Plaintiffs<br>ORBIS OPPORTUNITY FUND, LP; and<br>ORBIS OPPORTUNITY FUND (CAYMAN), LP |