BECKER & POLIAKOFF, P.A.
JUDE COOPER (SBN 213552)
JCooper@beckerlawyers.com
355 South Grand Avenue, Suite 2450
PMB # 529
Los Angeles, CA 90071
Telephone: (213) 221-2814
Facsimile: (213) 232-3701

Attorneys for Defendant,
JMD AVIATION HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ORBIS OPPORTUNITY FUND, LP,; and ORBIS OPPORTUNITY FUND CAYMAN, LP,<br><br>Plaintiffs,<br><br>vs.<br><br>JMD AVIATION HOLDINGS, LLC,<br><br>Defendants. | Case No.: 2:18-cv-06696-JFW-JPR<br><br>**ANSWER & AFFIRMATIVE DEFENSES TO COMPLAINT** |

Defendant, JMD Aviation Holdings, LLC, answers the Complaint as filed by the plaintiffs, Orbis Opportunity Fund, LP, a Delaware limited partnership; and Orbis Opportunity Fund Cayman, LP, a Cayman Islands entity, and sets forth its affirmative defenses as follows:

1

ANSWER AND AFFIRMATIVE DEFENSES

**NATURE OF THE ACTION**

1. Denied. This matter arises out of a June 28, 2018 Membership Interest Purchase Agreement between the following parties: (i) JMD Aviation Holdings, LLC, defined as the "Purchaser"; (ii) Juno Engines US LLC, a *Delaware* limited liability company and June Engines Cayman LLC, a *Cayman Islands* limited liability company, defined as the "Target Companies"; and (iii) Plaintiffs, defined as the "Sellers." Plaintiffs have failed to join the Target Companies, Juno Engines US LLC and Juno Engines Cayman LLC, indispensable parties under Fed. R. Civ. P. 19(a), as the joinder of these indispensable parties would destroy diversity jurisdiction.

**THE PARTIES**

2. JMD neither admits nor denies the allegations of ¶ 2 and leaves Plaintiffs to their proofs. However, JMD states that Plaintiffs have not specifically alleged the citizenship of plaintiff Orbis Opportunity Fund, LP's general partner to permit the Court determine whether it can properly assert subject matter jurisdiction in this matter, notwithstanding Plaintiffs' failure to join the Juno Engines US LLC and June Engines Cayman LLC (the "Target Companies") as parties to this dispute. The principal place of business for the Delaware and Cayman Target companies is 8050 NW 90th Street, Medley, Florida. (See Exs. A and B at § 1.03). Further, Savanna Leasing, LLC, the counter party to the joint venture alleged at ¶ 10, was not named in the Complaint.

3. JMD neither admits nor denies the allegations of ¶ 3 and leaves Plaintiffs to their proofs, but notes that the Complaint is silent as to the citizenship of each of Plaintiffs' constituent members. See Ybarra v. Universal City Studios, LLC, No. CV 13-4976 PSG AJWX, 2013 WL 5522009, at *4 (C.D. Cal. Oct. 2, 2013) ("The citizenship of a partnership, limited liability company, or other unincorporated association is determined by the citizenship of each of the partners, including limited partners, or members.").

4. Admitted. However, Plaintiffs fail to plead the citizenship of JMD's members. <u>See</u> <u>Johnson v. Columbia Properties Anchorage, LP</u>, 437 F.3d 894, 899 (9th Cir. 2006) (holding that a limited liability company is a citizen of every state in which its members are citizens.

5. Denied. This Court respectfully lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a) because there is no complete diversity among the parties currently joined in this dispute, and those indispensable parties that have yet to be joined in this dispute. Moreover, the operating agreements of each of the two Target Companies state, at § 11.08: "This Agreement shall be enforced, governed and construed in all respects in accordance with the internal laws of the State of Delaware, without giving effect to the choice of law or conflict of law rules or laws of such jurisdiction. **Each Member agrees that any litigation, claim or lawsuit directly or indirectly arising out of or related to this agreement shall be instituted exclusively in the courts, whether, federal jurisdiction, by reason of diversity, federal question or otherwise, shall be instituted exclusively in any federal district court sitting in the state of Delaware** (and of the appropriate appellate courts therefrom) in any such suit, action or proceeding and irrevocably waives, to the fullest extent permitted by law, any objection that it may now or hereafter have to the laying of the venue of any such suit, action or proceeding in any such court or that any such suit, action or proceeding that is brought in any such court has been brought in an inconvenient form." (<u>See</u> Exhibit A hereto) (emphasis added).

6. Denied. JMD is not authorized to do business in this State, nor has it conducted business in this State. JMD's sole tether to this State is the inclusion of a forum selection clause at §7.2 of the Membership Interest Purchase Agreement drafted by Plaintiffs.

7. Admit in part; denied in part. JMD admits that § 7.12 of the Membership Interest Purchase Agreement lays venue "in any federal or state court located in the U.S. State of California, and each Party waives any objection which it may now or hereafter have to the laying of venue of

any such proceeding, and irrevocably submits to the jurisdiction of such courts in any such suit, action or proceeding."

8. Denied.

9. Denied. The alleged joint venture began on June 19, 2017 – not several years ago. (See, e.g., Complaint, ¶ 10; Exs. A and B hereto).

10. Denied. Both the Delaware and Cayman Juno entities were formed to "engage solely in the business of, directly or indirectly, through one or more entities (a) purchasing, owning, financing, refinancing, rehabilitating, operating, leasing, managing, holding for investment, exchanging, selling and disposing of the aircraft engine set forth on Exhibit B and such other aircraft engines, if any, which the Company, with the consent of the Orbis Member, may acquire from time to time (collectively, the "Engines"); (b) acquiring, owning, holding for investment and disposing of ownership interests in entities that directly or indirectly own the Engines; (c) such other activities as are related to or incidental to the foregoing and (d) similar activities as under (a), (b) and (c) of this Section 1.03 related to aircraft frames, parts, aircrafts and other forms of air transport. (See Exs. A and B at §1.03).

11. Denied.

12. Denied. Plaintiffs owned 80% of each Juno entity by virtue of Plaintiff's Class A ownership in each entity.

13. Denied. It is noteworthy that Plaintiffs have not joined Savanna, which they allege "failed to pass along the required lease revenues, which it received from its airline clients, to Orbis according to the Juno joint venture agreements." The issuance of distributions, which would include net revenue as defined by § 5 of each of the Juno Operating Agreements, sets forth the payment obligations of each company.

14. Denied.

15. Admitted.

16. Denied. § 2.4(b) of the Membership Interest Purchase Agreement states: "[u]pon the valid completion of the Wire Transfer, the U.S. Purchased Interest and Cayman Purchased Interest shall be transferred to the *Seller*." (emphasis added). "Seller" refers to Plaintiffs. Thus, the Agreement does not address these issues.

17. Admitted.

18. Denied. § 2.4(b) of the Membership Interest Purchase Agreement states: "[u]pon the valid completion of the Wire Transfer, the U.S. Purchased Interest and Cayman Purchased Interest shall be transferred to the *Seller*." (emphasis added). "Seller" refers to Plaintiffs. Thus, the Agreement does not address these issues.

19. Denied.

20. JMD neither admits nor denies this allegation and leaves Plaintiffs to their proofs.

21. Denied.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

22. JMD repeats the responses heretofore stated.

23. Denied.

24. Denied.

25. Admitted in part; denied in part. JMD denies the allegations of ¶ 25 except to state that no transfer occurred on June 28, 2018.

26. Denied.

27. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because JMD did not breach or fail to perform any contractual or legal duties they owed to Plaintiffs.

## THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over this matter.

## FOURTH AFFIRMATIVE DEFENSE

The Plaintiffs fail to state a claim as the agreement at issued was the product of deceit, fraud and/or coercion.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of waiver, ratification, and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because of acts, omissions, or contributions of Plaintiff or other entities or persons.

## SEVENTH AFFIRMATIVE DEFENSE

JMD reserves the right to add additional affirmative defenses as the case proceeds and the facts and circumstances surrounding the case are revealed during discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, JMD respectfully request entry of judgment in its favor and against Plaintiffs as follows:

a. dismissing the Complaint in its entirety, with prejudice;

b. awarding Defendants their costs of defending this action, including attorneys' fees, costs and disbursements; and

c. granting such other and further relief as this Court may deem just and proper

Dated: October 8, 2018                                     BECKER & POLIAKOFF, P.A.


                                                          By:  */s/ Jude C. Cooper*
                                                               Jude C. Cooper
                                                               Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 355 South Grand Avenue, Suite 2450, PMB # 529, Los Angeles, CA 90071.

On October 8, 2018, I served the foregoing:

JMD Aviation Holdings, LLC's Answer and Affirmative Defenses to Complaint

On the interested parties of record in the action, as follows:

Evan W. Kass
Saul S. Rostamian
WINSTON AND STRAWN, LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543

*Attorneys for Plaintiffs*

[ X ]   BY CM/ECF:
I hereby certify that I electronically filed the foregoing with the United States District Court, Central District of California, by using the CM/ECF System. I certify that all participants in this case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

Executed on October 8, 2018 at Los Angeles, California.

I declare under penalty of perjury of the laws of the State of California and United States of America that the foregoing is true and correct.

/s/ Jude C. Cooper
Jude C. Cooper

.

ACTIVE: 11431107_1